**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| MICHAEL MAERZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:08-2827-CMC-JRM |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO EQUIPMENT FINANCE, INC., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Pro se* Plaintiff, Michael Maerz ("Maerz"), originally filed this action in the Court of Common Pleas for Lexington County. The Defendant, Wells Fargo Equipment Finance, Inc., ("Wells Fargo") removed the case to this Court on August 11, 2008 based on diversity of citizenship. *See* 28 U.S.C. § 1332. The case was automatically referred to the undersigned for pretrial matters pursuant to Local Rule 73.02(B)(2)(e). Wells Fargo filed a motion to dismiss on August 15, 2008. Because Maerz is *pro se*, and order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on August 15, 2008. Maerz filed a response on September 12, 2008.[1]

The subjects of Maerz's action are two agreements he executed to finance the purchase of heavy equipment. He has attached copies of the agreements to this complaint. Maerz alleges that

[1]Maerz filed a "Reply to Removal" on August 18, 2008. He makes no argument concerning diversity jurisdiction, but argues this Court "is without jurisdiction because"... Plaintiff "is an individual domiciled under grace in His Lord's Body; the Church." Insofar as Maerz has moved for remand, the undersigned recommends that this motion be denied.

after he executed the agreements, Wells Fargo "without notice made a secret deposit(s) with the contract, thereby making an alteration upon the instrument that is evidence by the stamp(s) placed thereon, which states [Paid To The Order Of] or [Pay To the Order Of] 'Wells Fargo Equipment Finance, Inc.' and [Without Recourse]." (Complaint, ¶ 8). Maerz alleges that he is entitled to an inspection of the original agreements and that the "material alterations" show that the agreements have been paid in full, excusing him from further payments and entitling him to any surplus. (Complaint ¶ 15).

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirshon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130 (1993), cert. denied, 510 U.S. 1197 (1994); see also Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1956 (1995). A pro se complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Haines, supra. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978), cert. denied, 441 U.S. 913 (1979). When, however, it appears to the court that the plaintiff has totally failed to state a claim which would entitle him to relief, the defendants are entitled to have their motion to dismiss granted. Fed. R. Civ. P. 12(b)(6).

Wells Fargo moves to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., because the complaint

fails to set forth allegations sufficient to state a plausible claim upon which relief might be granted. It argues that the "bare, confusing allegation" concerning a material alteration of the contract "is insufficient to sustain any cause of action against Well Fargo." (Res.Mem., p. 4). Wells Fargo attaches copies of the two agreements to its motion which appear to be identical to the copies attached to Maerz's complaint.

The agreements signed by Maerz are different. The first is a "Loan and Security Agreement" which shows "Lindler Industrial Machinery" as the "Supplier" and Wells Fargo to be the "Secured Party". The second is a "Security Agreement (Conditional Sales Contract)" which indicates that "Blanchard Machinery Company" was the "Seller (Secured Party)". On the date of the transaction Blanchard Machinery Company, "(f)or value received" assigned the Security Agreement (Conditional Sales Contract) to Wells Fargo. Both agreements contain a choice of laws provision making them governed by Minnesota law.

Maerz has not identified what portions of the agreements he believes are "stamps" placed on them which constitute material alteration of the contracts. Both agreements contain the usual language that the seller/secured party may assign the contract to another party. This language appears on the printed forms used for the transactions. It does not appear that Wells Fargo has assigned its interest as the Secured Party in the first agreement to another party. On the other hand, Blanchard Machinery Company (the Seller/Secured Party) assigned its interest to Wells Fargo on the date of the transaction. The face of both agreements show normal business financing procedures.[2] If Maerz asserts that the assignment of a contract "for value received" where the contract specifically

---

[2]Wells Fargo has cited Minnesota law to the effect that an alteration to a contract must be both material and fraudulent to discharge a signer from obligation. Midway National Bank of St. Paul v. Roy, 359 N.W.2d 644, 646 (Minn. Ct. App. 1984).

provides for, and the form used anticipates such assignment, is a material alteration of the contract excusing him from liability, his claim is frivolous.

Based on a review of the pleadings, the undersigned concludes that Plaintiff has not stated a claim upon which relief may be granted. It is, therefore, recommended that Defendant's motion to dismiss be **granted**, pursuant to Rule 12(b)(6), Fed.R.Civ.P.



Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

January 21, 2009

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).